UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERENCE WADE BANKS,

                Plaintiff,

-against-

KEVIN KIM; DR. HEGMAN; SARAH LEE;
NIKHIL AGRAWAL,

                Defendants.

24-CV-7171 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who currently is detained at the George R. Vierno Center on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants committed medical malpractice. The Court construes the complaint as asserting claims that Defendants provided Plaintiff with inadequate medical care in violation of his federal constitutional rights. Named as Defendants are Doctors Kevin Kim, Sarah Lee, Nikhil Agrawal, and Hegman. By order dated September 24, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff invokes the Court's federal question jurisdiction, and states that he is attempting to assert claims for medical malpractice and negligence under 42 U.S.C. § 1983. He states that his claims arose at Bellevue Hospital Center in Manhattan. The following allegations are taken from the complaint. On April 12, 2023, an unknown team of surgeons performed surgery on

Plaintiff's mouth to correct a fractured jaw. During the procedure, a "nerve was sliced in [Plaintiff's] chin," causing him pain in his mouth, numbness from his nose to his chin, and misalignment of his teeth that makes it difficult for him to chew food and causes him to slur his speech and drool. (ECF 1, at 4.)

On June 5, 2023, Plaintiff had an appointment with treating physician Kevin Kim in which Plaintiff explained all the issues he had been having following the surgery. Dr. Kim told Plaintiff that the numbness will go away "in a few weeks" and that the problems in his mouth are caused by "a nerve that was mistakenly sliced in [his] chin" by the surgeons who operated on his mouth. (*Id.*)

Plaintiff asserts that Dr. Kim is "personally involved" in the events giving rise to his claims because Dr. Kim "gave [Plaintiff] a wrongful diagnosis of [his] mouth." (*Id.*) Dr. Sarah Lee is "involved" because she approved Plaintiff's discharge from Bellevue "[k]nowing that a hol[e] was in [his] chin and sliced through a nerve." (*Id.*) Dr. Agrawal was the "admitting" and "attending" physician who authorized Plaintiff's discharge from Bellevue. (*Id.*) Dr. Hegman is the hospital administrator and approved Plaintiff's discharge. Plaintiff maintains that the defendant doctors discharged him under "false pretenses." (*Id.* at 4, 5.)

Plaintiff seeks $250,000 in damages.

## DISCUSSION

A.    **Federal Law Claim**

The Court liberally construes the complaint as asserting constitutional claims under 42 U.S.C. § 1983 that Defendants were deliberately indifferent to his medical needs. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

3

Incarcerated individuals "may not be deprived of their 'basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety' – and they may not be exposed 'to conditions that 'pose an unreasonable risk of serious damage to [their] future health.'" *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (citations omitted.) The source of this protection against deliberate indifference to a substantial risk of serious harm is the Eighth Amendment for convicted prisoners and the Fourteenth Amendment for pretrial detainees. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Although Plaintiff states that he was a convicted and sentenced prisoner at the time of the events giving rise to his claims, April and June 2023, public records maintained by the New York State Unified Court System suggest that Plaintiff was not convicted until May 2024,[2] which would have made him a pretrial detainee at the time his claims arose. Because Plaintiff's conviction status is unclear, the Court will analyze his claims under both standards.

Deliberate indifference claims include an objective component and a subjective component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective element of a deliberate indifference claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell*, 849 F.3d at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth

---

[2] *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch [https://perma.cc/JYK7-J7GM] (last viewed Oct. 8. 2024); *People v. Banks*, Ind. 3212-19/001 (N.Y. Sup. Crim. Ct). Court records list the spelling of Plaintiff's first name as "Terrence."

Amendment."). Under the objective prong, a medical need is "sufficiently serious" if it presents a "condition of urgency, one that may produce death, degeneration, or extreme pain." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Courts consider factors such as "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

The second element – the "subjective" or "mental" element – varies depending on whether a plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). The Eighth Amendment subjective standard requires "more than negligence, but less than conduct undertaken for the very purpose of causing harm." *Hathaway*, 37 F.3d at 66. Thus, an official is not liable under the Eighth Amendment for "failure to alleviate a significant risk that he should have perceived but did not." *Farmer*, 511 U.S. at 837.

By contrast, a pretrial detainee suing under the Fourteenth Amendment must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

5

Under either standard, a challenge based on the inadvertent or negligent failure to provide adequate medical care does not raise a constitutional claim under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Furthermore, a "mere disagreement over the proper treatment" does not rise to the level of a constitutional claim for deliberate indifference. *Chance*, 143 F.3d at 703.

The Court assumes for the purposes of this order that the severed nerve and related injuries constitute an objectively serious medical condition. As discussed below, however, Plaintiff has not alleged facts suggesting that any of the defendants acted with the subjective intent necessary to state a claim for deliberate indifference.

1. **Dr. Kim**

Plaintiff states that he had a follow-up appointment with Dr. Kim approximately eight weeks after the surgery during which Dr. Kim explained to Plaintiff that the problems he was experiencing were due to a nerve that was "mistakenly sliced" during the surgery, and that the problems would go away "in a few weeks." (ECF 1, at 4.) Plaintiff asserts that Dr. Kim "gave [him] a wrongful diagnosis." (*Id.*) As an initial matter, Plaintiff does not explain how Dr. Kim misdiagnosed him and it is unclear how the injuries at the center of Plaintiff's complaint – a nerve in his chin that was mistakenly severed during surgery performed by non-party doctors – are caused by Dr. Kim's alleged misdiagnosis. Even if the Court assumes that Dr. Kim wrongfully diagnosed Plaintiff's condition, nothing in the complaint suggests Dr. Kim acted with the subjective intent necessary to state a deliberate indifference claim. A negligent misdiagnosis is insufficient to state a claim under both the Eighth and Fourteenth Amendments. *See Daniels*, 474 U.S. at 335-36. Plaintiff therefore does not state a Section 1983 claim against Dr. Kim.

6

### 2. Drs. Hegman, Lee, and Agrawal

Plaintiff seeks to hold Drs. Hegman, Lee, and Agrawal liable for authorizing his discharge from the Bellevue Hospital Center. With respect to Dr. Agrawal and Dr. Hegman, Plaintiff only alleges that they approved or authorized his discharge; he does not allege any facts suggesting these doctors were aware of, or should have been aware of, and disregarded any serious medical condition. While Plaintiff makes the conclusory assertion that Dr. Lee discharged him while "knowing" that the surgeons had severed a nerve, he offers no facts in support of this claim. The complaint does not allege facts suggesting that the three doctors' decision to discharge him was anything other than an exercise of their professional medical judgment. *See Freire v. Zamont*, No. 14-CV-0304 (SLT) (LB), 2016 WL 6330405, at *5 (E.D.N.Y. Oct. 27, 2016) (dismissing deliberate indifference claim where plaintiff "provided no factual allegations that [the doctor's] decision to discharge him . . . after Plaintiff had received surgery . . . deviated from reasonable medical practice"). Moreover, Plaintiff does not allege that his injuries – which he asserts were caused by a team of unnamed surgeons – were exacerbated or made worse by the decision to discharge him from the hospital. Plaintiff therefore fails to state a deliberate indifference claim against Drs. Agrawal, Hegman, and Lee.

For these reasons, the Court dismisses Plaintiff's Section 1983 claims that Defendants were deliberately indifferent to his medical needs for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. State Law Claims

Plaintiff's allegations suggest that he may also be attempting to assert claims of negligence and medical malpractice. Such claims arise under state law, not federal law. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally,

"when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim for deliberate indifference to his medical needs, the Court grants Plaintiff 30 days' leave to amend his complaint to address the deficiencies outlined above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   November 13, 2024
        New York, New York

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge